## McCARTHY v McCARTHY
Case No. 88-7691-CA
Fourth Judicial Circuit, Duval County
March 10, 1989

### APPEARANCES OF COUNSEL

**Carolyn S. Zisser,** for wife, Denice S. McCarthy.

**Albert Mickler,** for husband, Dennis M. McCarthy.

### OPINION OF THE COURT

MAJOR B. HARDING, Circuit Judge.

### *FINAL JUDGMENT OF DISSOLUTION OF MARRIAGE*

THIS CAUSE came on for final hearing. The Court finds that it has jurisdiction of the parties to and the subject matter of this action. The marriage of the parties is irretrievably broken. From the evidence presented, the Court makes the following findings of fact and conclusions of law:

The parties were married on February 26, 1983. They have one (1) minor child, KEVIN SPENCER McCARTHY, born January 25, 1985,

presently age 4. The minor child is in the Wife's custody and she provides the primary physical residential care of the minor child.

During the pendency of these proceedings, determination of visitation rights between the Husband and minor child was in the jurisdiction of the Juvenille Court in and for St. Johns County, Florida. By consent of the parties, issues regarding visitation and parental responsibility, except as to the custody and primary physical residential care of the child, are deferred pending the completion of the investigation being performed in St. Johns County, Florida.

The Husband is 44 years of age. He is Director of International Market Development for Vistakon, Inc., a division of Johnson & Johnson, Inc., where he has been employed since July 29, 1981. His employment benefits include: base salary of $83,000.00 per year; Executive Compensation Program; Johnson & Johnson Savings Plan (a 401K Plan); pension plan; and health, hospitalization, disability, and life insurance benefits. The Executive Compensation Program consists of an executive bonus awarded once a year, historically in December, stock options and stock awards. The Husband has received an executive bonus during December of each year since 1984. The Husband's total compensation package from base salary, executive bonus, and the exercise of stock options for the last three (3) years was $119,745.20 in 1986, $139,861.06 in 1987, and $168,000.00 in 1988. The Husband's income from all of these sources have afforded the parties a comfortable lifestyle in Ponte Vedra Beach, Florida.

The Wife is 37 years of age. The highest level of education which she has attained is graduation from high school. She has not been employed outside the home in the last four and one-half (4½) years by mutual agreement of the parties so that she could begin a family and fulfill the responsibilities in the home connected with the marriage. While the Wife has had some employment as a legal secretary prior to the marriage and has held several other jobs, her job skills have become obsolete during the marriage.

The court further finds that the parties have acquired the following assets which are subject to equitable distribution:

| Asset | Value |
|---|---|
| Equity in marital home (based upon fair market value of $275,000.00, less mortgage balance of $193,000.00) | $82,000.00 |
| Furniture and furnishings in marital home | 7,500.00 |
| VCR and CamCorder | 1,500.00 |

| Asset | Value |
| --- | --- |
| Present value of retirement plan at J & J (the Pension Plan) | 27,503.00 |
| Husband's interest in J & J Savings Plan (the 401K Plan)[1] | |
| Fixed liquid assets available from stock, stock options exercisable in 1988, escrowed cash per prior Court Order, Husband's checking and savings accounts (less authorized expenditures for past due debts through 1/31/89, Husband's living expenses, expert witness fees, and temporary attorney fees | 11,994.10 |

Stock options from 12/6/84 grant[2]

200 shares exercisable 12/89

200 shares exercisable 12/90

Stock options from 12/3/88 grant[3]

80 shares exercisable 12/90

80 shares exercisable 12/91

80 shares exercisable 12/92

80 shares exercisable 12/93

80 shares exercisable 12/94

The Court finds that the number of options determined to be marital property is a product of a fraction in which the numerator is the period in months between the commencement of the spouse's employment by the employer and the date of separation of the parties, and the denominator is the period in months between commencement of employment and the date when each option is first exercisable, multiplied by the number of shares which can be purchased on the date said option is first exercisable.

The marital home located at 7022 Cypress Bridge Drive North, Ponte Vedra Beach, Florida 32082, is presently on the real estate market for sale. The Court determines that the value of the furniture

---

[1] The valuation date for the distribution of the employee savings plan is 7/30/88, the date of the separation of the parties. The value of the Husband's interest in said Plan was $8,514.30 on 7/1/88 and was $10,149.87 on 9/30/88.

[2] To be calculated by formula set forth herein.

[3] To be calculated by formula set forth herein.

and furnishings in the marital home to be award to the Wife is $7,500.00. The VCR and the CamCorder requested by the Husband to be awarded to him is valued at $1,500.00.

The Husband is presently residing in London, England, where he will be residing for a period of one (1) year in connection with his position with Vistakon, Inc. The Wife should have sufficient funds made available to her to enable her to pay the on-going expenses of the marital home and debts, as well as sufficient funds for her support and that of the minor child.

The Court finds that the monthly recurring bills and debts associated with the marital home, automobile leases, and marital debts total $3,029.39. The Court further finds that the reasonably incurred monthly living expenses for the Wife and minor child for food, clothing and pre-school, not included in the above monthly recurring household bills and debts, are $1,000.00 per month, for a total of $4,029.39 per month.

The parties' lifestyle established during the marriage has been established by the Husband's base salary and bonuses, exercise of stock options and sale of stock from stock awards. The Husband has always exercised all exercisable stock options for marital purposes, either for major living expenses or for acquiring other marital property. All funds coming into the marriage have been used for marital purposes. There is no evidence to support a special equity sought by the Husband in the marital home.

In determining the application of the Child Support Guidelines, Florida Statutes § 61.30, to this case, the Court has considered only the Husband's base salary of $83,000.00 per year, or $6,916.69 per month, as the Husband's executive bonus for 1988, exercisable stock options and stock awards to date are being equitably distributed. The Husband's net income in applying Florida Statute § 61.30(3), is computed as follows:

| | |
|---|---|
| Husband's base monthly salary | 6,916.69 |
| Less: | |
| Federal income tax deductions | 1,310.81 |
| FICA | 516.19 |
| Health insurance payments | 43.33 |
| NET MONTHLY INCOME | $5,046.36 |

The Wife has no income at the present time.

21

In determining the amount of the attorney's fees to be awarded, the Court applies the criteria established by the Florida Supreme Court in *Florida Patients' Compensation Fund v Rowe,* 472 So.2d 1145 (Fla. 1985). The *Rowe, supra,* decision incorporates both the "lodestar" approach for computing attorney's fees as well as the criteria which now comprise Rule 4-1.5(B) of the Florida Bar Regulations (formerly Disciplinary Rule 2-106(B) Florida Bar Code of Professional Responsibility.

The "novelty and difficulty of the question involved" is reflected in the number of hours reasonably expended on this litigation. *Id.* at 1150. The Wife's counsel submitted a Second Amended Certificate of Attorney Services Rendered, which reflects 122.5 hours of time expended by Wife's counsel, 16.5 hours for associate, 8.9 hours by law clerk, and .7 hour for paralegal time through February 9, 1989. Effective October 1, 1987, paralegal times can be considered as a part of the attorney's fee award pursuant to Chapter 87.260, Laws of Florida, 1987. In order to calculate the lodestar figure as required by the Florida Supreme Court's opinion in *Rowe,* the court multiplies 100 hours which the Court finds to be reasonable by Wife's counsel, 15 hours which the Court finds to be reasonable as to associate time, 8 hours which the Court finds to be reasonable law clerk time, and .5 hours which the Court finds to be reasonable paralegal time, by $150.00 per hour, $100.00 per hour, $50.00 her hour, and $35.00 per hour, respectively, to arrive at a total reasonable fee of $16,917.50. The Court considered the Wife's Attorney's Fee Affidavit and the Husband's Attorney's Fees Affidavit. In arriving at the lodestar fee, the Court finds that the case involved some unique issues which included ascertaining the complete extent of the Husband's employment benefits, the treatment of stock options as marital property, determining the value of the Husband's employment benefits, defending the Husband's special equity claim, psychotherapist patient privilege, and defending assertions of fault. Additionally, the Wife's claim to rehabilitative alimony was vigorously opposed. Extensive discovery was necessary especially as to the Husband's employment benefits. There are also nine (9) hearings in this case, three (3) of which pertained to the Final Hearing and argument, which the court also considers in arriving at a reasonable attorney's fee to Wife's counsel.

The Court finds that the fees owed to Wife's former counsel, Thomas Treece, Esq., in the sum of $533.00 should be protected.

The Court finds that all costs set forth in Wife's Amended Motion to Tax Costs dated February 2, 1989, for a total sum of $2,658.79, are properly taxable against the Husband. The Husband is credited with

paying $1,325.00 toward expert witness fees and $1,175.00 towards the Wife's temporary fee. The remaining sum of $1,333.79 is properly taxable against the Husband.

Upon consideration, it is

ORDERED AND ADJUDGED:

1. The marriage of DENNIS M. McCARTHY, Husband and DENICE S. McCARTHY, Wife is dissolved and each spouse is restored to the status of being single and unmarried.

## PARENTAL RESPONSIBILITY

2. The Wife shall provide the primary physical residential care for the minor child of the parties, KEVIN SPENCER McCARTHY. The Court shall retain jurisdiction as to parental responsibility and all other respects, as well as the Husband's rights to visitation.

## CHILD SUPPORT

3. The Husband shall pay to the Wife as and for the support of the minor child the sum of $1,025.00 per month. The Husband shall pay to the Wife the sum of $1,025.00 on March 1, 1989, and shall continue such payments on the 1st day of each and every month thereafter until the parties one (1) minor child attains the age of eighteen (18), marries or becomes self-supporting, whichever occurs first.

## HEALTH INSURANCE FOR MINOR CHILD

4. During the minority of the parties' child, the Husband shall continue the child as insured under any group, health care insurance, including hospitalization, medical and major medical coverage available to the him through his employment, or an individual health care plan comparable in coverage and benefits to the group coverage last previously maintained by him. The Husband shall pay as due all premiums required for such health care insurance. The Husband shall furnish the Wife an insurance identification card for utilization of such insurance when provided by the insurer. The parties shall cooperate with one another in facilitating the submission and payment of claims under such insurance. Any necessary and reasonable medical and dental expenses of the minor child, which are not paid by the insurance mentioned hereinabove, shall be paid by the husband.

## LIFE INSURANCE FOR MINOR CHILD

5. The Husband shall maintain in full force and effect a policy or policies of life insurance having a face value of at least $100,000.00 while he has an obligation to support the minor child insuring the

23

Husband's life, with the minor child as irrevocable beneficiary until the minor child attains majority. The Husband shall provide to the Wife on an annual basis proof of said life insurance.

## REHABILITATIVE ALIMONY

6. The Husband shall pay to the Wife the sum of $2,700.00 per month commencing March 1, 1989, as and for rehabilitative alimony until the sale of the marital home, but for no longer than eighteen (18) months. Following the closing on the sale of the marital home and the distribution of proceeds from the sale of the home in accordance with paragraph 9 herein, should 18 months not have elapsed, the Husband shall pay to the Wife the sum of $1,500.00, per month as and for rehabilitative alimony for the remainder of the 18 months, or until the death of either party or remarriage of the Wife, whichever occurs first.

## EXCLUSIVE USE OF MARITAL HOME

7. The Wife shall have the exclusive use and occupancy of the marital home located at 7022 Cypress Bridge Drive North, Ponte Vedra Beach, Florida 32082, until the home is sold.

## CONTINUATION OF HEALTH PLAN BENEFITS FOR WIFE

8. The Husband shall exercise his best efforts that, pursuant to Title X of the Consolidated Omnibus Budget Reconciliation Act of 1986, Pub. L. No. 99-272 ("COBRA"), after the parties' dissolution of marriage, the Wife is provided with continuation coverage under all of the hospitalization, medical, dental and group health plans (as defined in Section 162(i)(3) of the Internal Revenue Code of 1986, as amended by COBRA) available to the Husband through his employment and with coverage under conversion health plans, for as long as she is eligible. The Husband shall promptly notify his employer of the date upon which the divorce becomes final and shall insure that the necessary COBRA election forms are sent to the Wife in ample time for unbroken coverage to be maintained.

## DISTRIBUTION OF PROCEEDS FROM SALE OF MARITAL HOME

9. The Wife is awarded a one-half (½) interest in the marital home located at 7022 Cypress Bridge Drive North, Ponte Vedra Beach, Florida, being more particularly described as follows:

Lot 22, PLAYERS CLUB UNIT SEVEN, according to the plat thereof recorded in Map Book 19, pages 80, 81, 82, 83, 84 and 85, of the public records of St. Johns County, Florida.

The Wife shall receive one-half (½) of the net proceeds from the sale of the marital home, plus $10,751.50 from the Husband's share of the proceeds from the sale of the marital home. Said $10,751.50 represents the Wife's one-half (½) interest in the pension accrued during the marriage in the sum of $13,751.50, less the difference between the furniture and furnishings awarded to the Wife and those awarded to the Husband.

## DISTRIBUTION OF JOHNSON & JOHNSON SAVINGS PLAN

10. The participant is the Husband, DENNIS M. McCARTHY, Social Security 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, whose last known address is 2912 St. Johns Avenue, Apt. 12, Jacksonville, Florida, and the alternate payee is the Wife, DENICE S. McCARTHY, Social Security 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, whose address is 7022 Cypress Bridge Drive North, Ponte Vedra Beach, Florida 32082.

11. The participant and alternate payee were married on February 26, 1983.

12. The following Plan in which the Husband is a participant shall pay a portion of the Husband's account balance to the Wife/alternate payee as provided in paragraph 13 below:

The Johnson & Johnson Savings Plan

Plan Administrator: Pension Committee

Johnson & Johnson

1 Johnson & Johnson Plaza

New Brunswick, New Jersey 08933.

13. The Johnson & Johnson Savings Plan shall pay to the Wife/alternate payee, DENICE S. McCARTHY, as soon as administratively possible and in accordance with the terms of the Plan, one-half (½) of the account of the Husband/participant, DENNIS M. McCARTHY, in the Johnson & Johnson Savings Plan as of July 31, 1988, plus one-half (½) of all earnings/losses accruing to said account from July 31, 1988, until payment is made.

14. If the Husband/participant dies before said payment due to the Wife/alternate payee is made pursuant to paragraph 13 herein, the Wife/alternate payee shall be paid the same sum and in the same manner as set forth at paragraph 13 herein.

15. This Qualified Domestic Relations Order is not intended to require the Plan to provide any type or form of benefit not otherwise provided under said Plan, nor shall this Order require the Plan to provide for increased benefits.

16. The Husband/participant shall make no election of benefits or designation of beneficiaries, nor seek or receive any loans from the Johnson & Johnson Savings Plan prior to the payment of benefits to the Wife/alternate payee in accordance with paragraph 13 herein that would interfere with, defeat or extinguish the Wife's rights herein.

17. This Order is issued pursuant to Florida Statutes Chapter 61 and *Diffenderfer v Diffenderfer,* 491 So.2d 265 (Fla. 1986) which relate to marital property rights between spouses in actions for divorce.

18. The participant, alternate payee and this Court intend this Order to be a Qualified Domestic Relations Order under the Retirement Equity Act of 1984 ("REA"), PUB. L. 98-397, and that this Order shall be administered and interpreted in conformity with REA.

19. The Court retains jurisdiction to amend this Order, but only for the purpose of establishing or maintaining its qualification as a Qualified Domestic Relations Order under REA; provided that no such amendment shall require the Plan to provide any type or form of benefit, or any option, not otherwise provided under said Plan, and further provided that no such amendment or the right of the Court to amend will invalidate this Order as "qualified" under said Act.

## DISTRIBUTION OF STOCK OPTIONS

20. The following remaining stock options were granted during the marriage, but are exercisable after the parties' separation. The Husband shall exercise all of the remaining stock options set forth below at the earliest date said stock options are exercisable by the Husband and shall pay to the Wife one-half (½) of the gain (fair market value of the stock, less the cost) from the sale of said stock as soon as said proceeds are received by the Husband, before taxes, based upon the following formula:

Remaining Stock Options:

| | |
|---|---|
| From 12/6/84 Grant | 200 shares exercisable 12/89 |
| | 200 shares exercisable 12/90 |
| From 12/3/88 Grant | 80 shares exercisable 12/90 |
| | 80 shares exercisable 12/91 |
| | 80 shares exercisable 12/92 |
| | 80 shares exercisable 12/93 |
| | 80 shares exercisable 12/94 |

<u>Formula:</u>

$$\frac{\text{\# months from date marriage began to date of separation}}{\text{\# months from date marriage began to date option first exercisable}}$$

X (multiplied by)

\# shares which can be purchased on date option first exercisable

For example, with respect to the 200 shares of stock exercisable in December, 1989, the formula would be applied as follows:

$$\frac{65}{82} \times 200 = 158.50$$

Of said 200 shares of stock, 158.50 shares are marital property. The Wife would, therefore, be entitled to one-half (½) of the proceeds (gain) from the sale of said 158.50 shares of stock.

A constructive trust shall be imposed upon all stock options set forth herein and upon all funds received by the Husband from exercising said stock options pending distribution to the Wife in accordance with the terms of this provision. Each party shall pay their share of the income taxes on their shares of the proceeds (gain) from the exercise of said options.

### FURNITURE AND FURNISHINGS

21. The Husband shall be entitled to receive the VCR and the CamCorder free from any claim by the Wife. The Wife shall be entitled to all remaining furniture and furnishings in the marital home free from any claim by the Husband.

### ATTORNEY'S FEES AND COSTS

22. The Husband shall pay to Wife's counsel, Carolyn S. Zisser, P.A., as and for the Wife's attorney's fees and costs, the sum of $8,000.00 forthwith and the sum of $9,076.28 payable from the Husband's share of the proceeds from the sale of the marital home, which amount shall be secured by a lien against the Husband's interest in said marital home. The Husband shall pay to Thomas Treece, Esq., 9220 Cypress Green Drive, Jacksonville, Florida 32216, the sum of $533.00, forthwith, representing the attorney's fees and costs incurred by Wife's former counsel.

### JURISDICTION

23. Jurisdiction shall be retained for enforcement of the provisions hereof as may be legally permissible and warranted. Upon application by either party for enforcement of any provision of the Final Judgment herein, notice of such application may be served by U.S. mail, and such

service shall be adequate and sufficient to subject the served party to the Court's continuing jurisdiction. Each party shall be and appear before the court as specified in connection with any notice of hearing in connection with such applications and shall comply with any orders entered upon such applications. Copies of such orders may be served on a party by United States mail addressed to such party at his or her last address.

DONE AND ORDERED in Chambers at Jacksonville, Duval County, Florida, this 10th day of March, 1989.